### WICKS v. LONDON & LANCASHIRE FIRE INS. CO.

(Supreme Court, Appellate Division, First Department.    February 10, 1905.)

FIRE INSURANCE — PROPERTY EMBRACED IN POLICY — AWNINGS STORED IN BUILDING.

A fire policy stating in the typewritten portion that it covered "awnings attached to" the building, and in the printed portion that it did not cover "awnings held in storage or for repairs," embraced awnings stored in the building, but which were attached to the building when awnings were required.

Appeal from Trial Term, New York County.

Action by Jacob Wicks, Jr., against the London & Lancashire Fire Insurance Company. Appeal by plaintiff from so much of a judgment as refused to allow his claim for awnings destroyed by fire. Reversed.

See 184 N. Y. 593, 77 N. E. 1198.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Gustav Lange, Jr., for appellant.
Ernest Cardozo, for respondent.

INGRAHAM, J. The action was brought to recover upon a policy of fire insurance. A jury was waived, and the case was tried upon an agreed statement of facts without a jury. The court found that on November 24, 1902, the defendant issued its policy of insurance, insuring the plaintiff in the sum of $10,000 against loss or damage by fire of certain premises in the city of New York; that on November 7, 1903, a fire took place, and certain property therein contained was destroyed; that the plaintiff furnished defendant with proof of loss; that thereafter the amount of loss was submitted to appraisers, who made an award fixing it at $125, stating that they had not considered the loss to certain awnings claimed to have been destroyed by the fire; that these awnings were 32 in number and were of the value of $110; that after this award was made, and before the commencement of this action, the defendant tendered to the plaintiff the sum of $125.25 to cover the amount of the award of the arbitrators; and that the defendant was not liable to the plaintiff for the loss of the awnings in the buildings which were destroyed by fire on November 7, 1903. Upon the appeal by the plaintiff the question to be determined is as to the liability of the defendant for these awnings.

It was stipulated on the trial: "If the awnings are covered by the terms of the said policy of insurance No. 4,008,109, then the plaintiff is also entitled to recover the sum of one hundred and ten ($110) dollars, with interest from March 3, 1904." The policy of insurance provides that the property covered is "personal property, if any, belonging exclusively to the assured hereunder, and in actual use solely for the furnishing of said premises, viz., oil cloths; * * * also awnings attached to said building are covered hereunder for a sum not exceeding three per cent. of the amount insured under this policy." The policy also contained this provision: "This company shall not be liable * * * for loss to awnings * * * held on storage or for repairs." In the agreed statement of facts it was conceded that these awnings were attached to the building during the summer of 1903; that on October 1, 1903, the plaintiff removed the 32 awnings which were the subject-matter of this litigation from the outside of the said building, and stored them in the cellar, back of the dumb-waiter shaft therein, and that they were in that place at the time of the fire of November 7, 1903, and were destroyed by fire while they were in such cellar, and that they would not have been destroyed or damaged by fire if they had been fastened to the windows; but that between June 1st and October 1st the awnings in question were and are fastened to the outside of each window in such building, and that during the remainder of the year said awnings are taken down and stored.

I am inclined to think that these awnings were covered by the insurance. The typewritten portion of the policy, which specifies the property to be covered by the insurance, expressly provides that awnings attached to the building should be insured. The provision was not "awnings destroyed by fire when actually attached

to the building," but "awnings attached to the building are covered herein." Now, these awnings were attached to the building for use during the period of the year when awnings were required. The fact that during the winter, when the sun is a benefit to the premises, the awnings are removed from the windows and stored in the building, to be again used in the summer, does not deprive them of the character of awnings attached to the building. They are still awnings used for this particular building.

Nor do I think the printed clause of the policy which provides that the company is not liable for loss to awnings held on storage or for repairs excludes these awnings from the policy. This clause draws a distinction between property that is in use as a part of the building or its furnishing and property which is not used in the building, but is held there on storage, or for repair. These awnings were not "held on storage," but for use in the building during the time of the year when the use of awnings was desirable.

I think, therefore, that the plaintiff was entitled to an additional judgment for $110 and interest, being the amount stipulated that the plaintiff would be entitled to if the awnings were covered by the insurance, with costs of this appeal. All concur.